IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-126-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner ROBERT MARTINEZ challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On August 20, 2008, petitioner was charged by Indictment in Deaf Smith County, Texas with the first degree felony offense of murder in violation of section 19.02(b)(1) of the Texas Penal Code. *State v. Martinez*, No. CR-08H-142. Specifically, the Indictment alleged that on or about June 8, 2008 petitioner:

> [D]id then and there, intentionally or knowingly cause the death of an individual, namely, Maria Martinez, by striking Maria Martinez in the head or by stabbing Maria Martinez in the neck.

[ECF 11-2 at 38-39].[1] On September 24, 2008, a psychiatric evaluation by petitioner's treating doctor

---

[1] The Indictment also alleged an alternative means of committing the murder of the victim as Count II, *to-wit*: that petitioner, with the intent to cause serious bodily injury to the victim, committed an act clearly dangerous to human life that caused the death of the victim, by striking her in the head or by stabbing her in the neck. *See* Tex. Penal Code § 19.02(b)(2) (2008). The State abandoned Count 2

found petitioner was competent to stand trial and, "in all likelihood," was "sane" at the time of the commission of the alleged crime. [ECF 11-4 at 30-33]. On May 6, 2009, however, the trial court found petitioner was presently incompetent to stand trial, required observation and treatment in a mental hospital for his own welfare and protection, as well as the protection of others, and ordered he be committed to inpatient services to help regain his competency. [ECF 11-4 at 34-35]. On June 15, 2009, petitioner was so admitted and received mental health treatment. On August 26, 2009, petitioner's treating doctors opined that petitioner was presently competent to stand trial. [*Id*. at 37-42].

On February 1, 2010, pursuant to a plea agreement, petitioner entered a plea of guilty to the murder offense in the 222nd Judicial District Court and a written waiver of his right to appeal. [ECF 11-1; 11-4 at 80]. At the guilty plea hearing, petitioner advised the state trial court that he did not claim to be insane or incompetent and acknowledged he had received mental health treatment throughout the course of the proceedings. [ECF 11-1 at 9]. Trial counsel also expressed his beliefs that petitioner was competent to stand trial and understood the nature and consequences of a plea of guilty. [*Id.* at 8-10]. During the hearing, petitioner confirmed that the State's recommendation, pursuant to the plea agreement, was that petitioner should receive a 46-year sentence and be assessed $11,766.96 in restitution. [*Id.* at 10]. Petitioner also confirmed he understood what an appeal is, that as part of the plea agreement he was waiving his right to appeal, and that if the trial court followed the plea bargain agreement he would "probably" not have any right to appeal the case. [*Id.* at 11, 15, 17-18]. The state trial court found petitioner was competent to stand trial and that his plea of guilty was freely and voluntarily made. [*Id*. at 13]. After hearing testimony from petitioner, the trial court found petitioner guilty of the offense of murder as charged in the Indictment and, pursuant to the plea agreement, assessed petitioner's punishment at 46 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). [*Id*. at 20]. The court also advised petitioner he did not have a right to appeal without the permission of the court and confirmed that petitioner wanted to waive his right to appeal. [*Id.* at 21]. On

---

prior to petitioner's guilty plea to Count I. [ECF 11-1 at 7].

that same date, the state trial court entered a corresponding Judgment of Conviction. [ECF 11-2 at 40-41]. Petitioner did not file a direct appeal of his conviction or sentence with the appropriate state intermediate appellate court.

On March 15, 2012, petitioner purportedly placed a state application for habeas corpus relief in the state prison mail system, such application being received and file-stamped by the Deaf Smith County District Clerk on March 27, 2012. [*Id.* at 5-17]. By this first state habeas application, petitioner challenged his conviction alleging his guilty plea was involuntary, that he was denied effective assistance of counsel, that he was the victim of prosecutorial misconduct, and that he was incompetent to stand trial or enter a guilty plea. [*Id.*]. On April 24, 2012, petitioner's trial counsel submitted an affidavit addressing petitioner's claims of ineffective assistance of counsel. [*Id.* at 29-33]. On May 2, 2012, the trial court entered findings of fact and conclusions of law finding petitioner received effective assistance of counsel, that the State did not commit prosecutorial misconduct, that petitioner was sane at the time of the offense and was competent to stand trial, and that petitioner pleaded guilty freely, voluntarily and intelligently. [*Id.* at 34-37]. On June 6, 2012, the Texas Court of Criminal Appeals (TCCA) denied petitioner's state habeas application without written order on the findings of the trial court without a hearing. *In re Martinez*, No. 77,611-01 [*Id.* at 2].

On May 1, 2018, petitioner purportedly placed a second state application for habeas corpus relief in the state prison mail system, such application being received and file-stamped by the Deaf Smith County District Clerk on May 7, 2018. *In re Martinez*, No. 77,611-02 [ECF 11-4 at 4-27, 45]. By this second state habeas application, petitioner challenged his conviction alleging he was "denied his statutory and constitutional right to appeal the conviction in this cause." [*Id.* at 15]. On May 9, 2018, the state trial court entered findings of fact and conclusions of law finding petitioner was not denied his right to appeal. [ECF 11-4 at 52-54]. On June 6, 2018, the TCCA dismissed petitioner's second state habeas application as an abusive subsequent application under article 11.07 § 4(a)-(c) of the Texas Code of Criminal Procedure. *In re Martinez*, No. 77,611-02 [ECF 11-3].

On May 27, 2019, petitioner purportedly placed the instant federal application for habeas corpus in the state prison mail system. [ECF 3 at 10]. This Court received petitioner's application on June 13, 2019, at which time it was file-stamped and this federal habeas corpus proceeding opened. [ECF 3 at 1].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The trial court failed to admonish petitioner of his right to appeal his plea-bargained conviction, resulting in petitioner being denied the right to appeal his conviction and sentence;

2. Petitioner's guilty plea was coerced and involuntary;

3. Petitioner was denied effective assistance of trial counsel;

4. The State committed prosecutorial misconduct; and

5. Petitioner was not sane at the time of the offense, nor was he competent to stand trial or enter a guilty plea.

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

## IV.
## RESPONSIVE PLEADINGS

On August 27, 2019, respondent filed a Preliminary Answer asserting petitioner's federal habeas petition should be dismissed as time barred. In her answer, respondent briefed applicable statutory and case law regarding the 1-year statute of limitations in federal habeas corpus cases, as well as the possibilities of statutory and equitable tolling of the limitation period. Respondent also set forth relevant dates in this case and analyzed the timeliness of petitioner's habeas application. [ECF 10].

On September 12, 2019, petitioner filed a reply to respondent's Preliminary Answer noting respondent did not "make a denial of Petitioner's merits being unfounded" in the answer, and advising he would be filing a notice of appeal with the Fifth Circuit Court of Appeals and would be seeking leave to file a second state habeas corpus application. Petitioner did not address the timeliness of his federal habeas application in his reply; instead, he asserted simply that for this Court to deny habeas relief without reaching the merits of his claims results in a complete miscarriage of justice. [ECF 12].

## V.
## FINALITY OF CONVICTION

A judgment becomes final upon the conclusion of direct appellate review or when the time for filing further direct appeal expires. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002). With regard to the finality of petitioner's judgment of conviction, the undersigned makes the following findings and/or conclusions:

1. Petitioner was sentenced on February 1, 2010. Petitioner did not file a direct appeal of his conviction or sentence with the appropriate state intermediate appellate court.

    2.    Petitioner's judgment of conviction became final on **March 3, 2010**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1).

## VI.
## START OF THE LIMITATION PERIOD/ STATUTORY TOLLING

The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date. On page 9 of the form habeas application petitioner submitted wherein he was instructed to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition if the judgment of conviction became final over one year ago petitioner stated, "-non applicable-" and did not address the limitations issue. [ECF 3 at 9]. Moreover, petitioner does not suggest in any of his pleadings that the 1-year limitation period should start on a date other than, and later than, the date his conviction became final, *i.e.*, March 3, 2010. Nor does the record before the Court reflect any circumstances justifying a delayed or later start date of the limitations period under any of the above subsections with regard to petitioner's claims.

The 1-year limitation period is tolled for the time during which a properly filed application for state habeas relief or other collateral review is pending. Here, as noted above, petitioner filed two (2) state habeas applications challenging his conviction and sentence.

With regard to the start of the 1-year limitation period and statutory tolling of the limitation period, the undersigned makes the following findings and conclusions:

    1.    The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

    2.    Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

    3.    Petitioner's claims are not of such a nature that the factual predicate of the claims presented could not have been discovered, through the exercise of due diligence, until a date subsequent to the conclusion of petitioner's direct review of his conviction.

4. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A), that is **March 3, 2010**.

5. Petitioner's federal habeas corpus petition was thus due on or before **March 3, 2011** (upon the expiration of one year), unless the limitation period was statutorily or equitably tolled.

6. Petitioner filed state habeas applications challenging his conviction and sentence on March 15, 2012 and May 1, 2018.[2]

7. Petitioner's state habeas applications did not statutorily toll the 1-year period of limitation because they were filed after the limitation period had expired on March 3, 2011. *See Medley v. Thaler*, 660 F.3d 833, 834-35 (5th Cir. 2011).

## VII.
## EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). Here, however, petitioner has not asserted, much less sufficiently demonstrated, that he is entitled to equitable tolling of the limitation period. Petitioner does not even attempt to explain his delays in this case. Moreover, the record does not reflect petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction.

## VIII.
## ACTUAL INNOCENCE

A credible showing of "actual innocence" may, in certain circumstances, allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). Here, however, petitioner has not argued that an "actual innocence" exception is applicable, much less demonstrated his actual innocence by presenting

---

[2] *Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013) (the prison mailbox rule applies to a petitioner's filing of his state post-conviction application).

new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of new evidence.

## IX.
## FINAL FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. The one-year statutory limitation period in this case was not equitably tolled.

2. Petitioner's federal habeas corpus application, filed **May 27, 2019** when petitioner purportedly placed the application in the prison mail system,[3] was filed **after** the expiration of the statute of limitations and **is time barred**.

3. An "actual innocence" exception to the time bar is not applicable to this case so as to allow a gateway for this Court to hear petitioner's time barred claims.

## X.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Preliminary Answer filed August 27, 2019 [ECF 10], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ROBERT MARTINEZ be DENIED as time barred.

## XI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 7, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[3]*Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998) (a federal habeas petition is "filed" for purposes of the limitation period when the inmate tenders his petition to prison officials for mailing).

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54/FCR/MARTINEZ-126.NOAPP:2